**Jesus (Jess) GARCIA, Plaintiff,**

v.

**UNION PACIFIC RAILROAD CO., Defendant.**

**No. 92–2376–KHV.**

United States District Court,
D. Kansas.

Nov. 1, 1993.

Mark C. Beam–Ward, Hill & Beam–Ward, Overland Park, KS, Patrick R. Gillespie, Roger R. Roe, Jr., Yaeger, Jungbauer, Barczak & Roe, Minneapolis, MN, for plaintiff.

Ronald W. Fairchild, Porter, Fairchild, Wachter &· Haney, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant's Motion for Partial Summary Judgment* (Doc. # 46) filed August 13, 1993, plaintiff's motion for partial summary judgment (Doc. # 62) (titled *"Notice of Motion and Motion"*) filed September 17, 1993, and *Union Pacific's Motion to Strike Plaintiff's Motion for Summary Judgment* (Doc. # 83) filed October 12, 1993.

### I. *Background*

The following facts are undisputed. On June 12, 1991, Mr. Garcia was engaged in his duties as a railroad brakeman for Union Pacific. Upon arriving in Coffeyville, Kansas, Garcia dismounted the train and disconnected the three engine units from the railroad cars. Garcia then boarded the rear engine unit and signalled the engineer, who drove the engine units off the main track, onto a side track, and to a refueling pit. After the engines came to a stop in the refueling pit, Garcia dismounted the rear engine and walked through the refueling area to the lead engine to retrieve his grips (personal belongings). The refueling area almost invariably has oil and grease on the ground. While dismounting the lead engine after retrieving his grips, Garcia slipped and fell from the steps of the engine onto the concrete floor.

Garcia filed this action against Union Pacific, stating claims under the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"), and the Federal Boiler Inspection Act, 45 U.S.C. § 23 ("FBIA"). On August 13, 1993, Union Pacific moved for partial summary judgment on Garcia's claim under the FBIA. On September 17, 1993, Garcia responded to Union Pacific's motion and also moved for partial summary judgment on the FBIA claim. Union Pacific responded to and moved to strike Garcia's motion for partial summary judgment on October 12, 1993. The Court now considers these motions.

### II. *Discussion*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court considers all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmoving party, however, "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d

1238, 1241 (10th Cir.1990). Thus, summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 The FBIA provides:

It shall be unlawful for any carrier to use or permit to be used *on its line* any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb, and unless said locomotive, its boiler, tender, and all parts and appurtenances thereof have been inspected … and are able to withstand such test or tests as may be prescribed in the rules and regulations hereinafter provided for.

45 U.S.C. § 23 (emphasis added). In order for the FBIA to apply, then, the injury must have occurred while the locomotive was being "used on its line." Whether a locomotive is "in use" under the FBIA is a question of law for the Court to decide. *See Pinkham v. Maine Cent. R.R. Co.*, 874 F.2d 875, 881 (1st Cir.1989); *Steer v. Burlington N., Inc.*, 720 F.2d 975, 977 n. 4 (8th Cir.1983).

 The Tenth Circuit has interpreted the FBIA and its legislative history to mean that a locomotive is "used on its line" when it is *"engaged in moving interstate or foreign traffic." Estes v. Southern Pac. Transp. Co.*, 598 F.2d 1195, 1198 (10th Cir.1979) (emphasis added). In that case, an engine hostler was injured while moving a locomotive away from a refueling and light maintenance area. The Tenth Circuit held that he could not state a claim under the FBIA because the locomotive was not then being used in moving interstate or foreign traffic. *Id.*

In this case, it is undisputed that Garcia's injury occurred after the locomotives had been disconnected from the train and driven on side tracks to the refueling pit. Under *Estes*, then, the locomotive from which Garcia fell was not engaged in moving interstate or foreign traffic at the time of the injury.[1] The Court therefore concludes that Garcia cannot state a claim under the FBIA because the locomotive at issue was not being used on Union Pacific's line.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Partial Summary Judgment* (Doc. # 46) be and hereby is **SUSTAINED** and that plaintiff's motion for partial summary judgment (Doc. # 62) (titled *Notice of Motion and Motion*) be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that *Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment* (Doc. # 83) be and hereby is **OVERRULED**.

---

1. This outcome, dictated by the Tenth Circuit's decision in *Estes*, is not inconsistent with the rule applied in other circuits that locomotives being serviced in a place of repair are not in use within the meaning of the FBIA. *See Pinkham*, 874 F.2d at 881; *Steer*, 720 F.2d at 976; *Angell v. Chesapeake & Ohio Ry. Co.*, 618 F.2d 260, 261–

62 (4th Cir.1980) (locomotive "in use" until service is completed). The locomotive at issue here was located at a refueling area waiting to be refueled at the time of the alleged injury, and the parties do not dispute that "refueling" is a "service" for purposes of the applicability of the FBIA.